UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dennis and Deborah Bonner, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Capital One Bank USA N.A.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Dennis and Deborah Bonner, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Dennis and Deborah Bonner ("Plaintiffs"), are adult individuals residing in Whitehall, Pennsylvania, and each is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Capital One Bank USA N.A. ("Capital One"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491, and is a "person" as defined by 47 U.S.C. § 153(39).

5.  Does 1-10 (the "Agents") are individual employees and/or agents employed by Capital One and whose identities are currently unknown to the Plaintiffs. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.  Capital One at all times acted by and through one or more of the Agents.

## FACTS

7.  In or around August 2013, Capital One placed calls to Plaintiffs' respective cellular telephones at numbers 484-xxx-3077 and 484-xxx-7913.

8.  At all times referenced herein, Capital One placed calls to Plaintiffs' cellular telephones by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9.  When Plaintiff answered the phone, they were met with a period of silence followed by an automated click at which point the call would terminate or would connect Plaintiff to a Capital One operator.

10. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

11. When the calls began, Plaintiffs spoke with Capital One and directed Capital One to cease calling them.

12. Capital One originally had express consent to contact Plaintiffs at their cellular telephones, however Plaintiffs revoked consent to be called at their cellular telephones. Therefore, Capital One no longer had consent to call Plaintiffs at their cellular numbers after having been directed to cease the calls.

13. Despite being instructed by Plaintiffs not to call their cellular numbers, Capital One thereafter continued to place excessive calls to Plaintiffs' cellular telephones, placing four to five calls per day to each number.

14. The telephone numbers called by Capital One were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Capital One to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

16. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein and within the last four years, Defendants called Plaintiffs on their cellular telephones using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Defendants' telephone systems have all the earmarks of a Predictive Dialer.

20. Often times when Plaintiffs answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

21. Often times when Plaintiffs answered the phone, they were met with a period of silence before Defendants' telephone system would connect them to the next available representative.

22. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Defendants placed calls to Plaintiffs' cellular telephones using an automated telephone dialer system knowing that it lacked consent to call their numbers in light of revocation. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 per call in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 10, 2014

                                    Respectfully submitted,

                                    By <u>/s/ JBB8445</u>

                                    Jody B. Burton, Esq.
                                    Bar No.: 71681
                                    LEMBERG LAW, L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424
                                    Attorneys for Plaintiffs